Commonwealth *v.* Burns.

---

### COMMONWEALTH *vs.* MICHAEL BURNS.

An indictment for being a common seller of "intoxicating liquors, and mixed liquors, part of which is intoxicating," is supported by proof of three sales of intoxicating and none of mixed liquors.

THOMAS, J. The indictment charges that the defendant was a common seller of " intoxicating liquors, and mixed liquors, part of which is intoxicating." The government offered evidence tending to show three sales of. intoxicating liquor, but no sales of mixed liquors. The defendant requested the court to instruct the jury that unless they were satisfied upon the evidence there had been three sales of both intoxicating and mixed liquors, as charged in the indictment, the defendant was entitled to their verdict. The court declined so to instruct the jury, but instructed them that if they were satisfied the defendant had made three sales of intoxicating liquors within the time alleged in the indictment, the government would be entitled to a verdict.

This was clearly right. Three sales of either intoxicating or mixed liquors within the time alleged made the defendant a common seller.

The case may be distinguished from *Commonwealth* v. *Livermore*, 4 Gray, 18. There the defendant was charged with the sale of "intoxicating and spirituous liquors," that is of liquors having the two qualities of intoxicating and spirituous. They might be intoxicating and not spirituous. Unless they had both

qualities they did not meet the requisition of the indictment. In this case the defendant is charged with being a common seller of intoxicating liquors and mixed liquors, part of which is intoxicating. The sale of either constitutes the offence. *Commonwealth* v. *Grey,* 2 Gray, 503.

It is sometimes said the lines of distinction are nice. That may be true, but they must be drawn. As to matters seemingly most diverse, there is a point where the line of demarcation becomes faint and shadowy. Night and day are diverse, and it is hard sometimes to say when night has passed the line and broken into day; but most important rights may depend upon the fact. *Exceptions overruled.*

C. I. *Reed* & B. *Sanford,* for the defendant.

T. H. *Clifford,* (Attorney General,) for the Commonwealth.